IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE <br><br> PLAINTIFF <br><br> v. <br><br> BENTWOOD HEALTHCARE, LLC d/b/a BENT-WOOD NURSING AND REHABILITATION CENTER, et al., <br><br> DEFENDANTS. | Case No. 4:17-cv-00540-ODS |

# FIRST AMENDED COMPLAINT

Plaintiff, RehabCare Group East, Inc. d/b/a RehabCare ("RehabCare" or "Plaintiff"), states as follows for its Complaint against Defendants, Bentwood Healthcare, LLC d/b/a Bent-Wood Nursing and Rehabilitation Center ("Bentwood"), Hidden Lake Management, LLC d/b/a Hidden Lake Care Center ("Hidden Lake"), Berthold Nursing Center, Inc. d/b/a Oak Park Care Center f/k/a Oak Park Nursing Center ("Berthold"), Oak Park Healthcare, LLC ("Oak Park"), Des Peres Healthcare, LLC d/b/a Quarter at Des Peres ("Des Peres"), Springfield Healthcare Management, LLC d/b/a Springfield Residential and Skilled Care Center ("Springfield"), Saint Sophia Healthcare, LLC d/b/a St. Sophia Health & Rehabilitation Center ("St. Sophia"), and Sunset Healthcare, LLC d/b/a Sunset Health Care Center ("Sunset") (collectively, Bentwood, Hidden Lake, Berthold, Oak Park, Des Peres, Springfield, St. Sophia, and Sunset are the "Defendants" and individually a "Defendant"):

## NATURE OF THE ACTION

1. This Action arises out of Defendants' failures to pay for therapy services provided by RehabCare to residents of the skilled nursing facilities owned and/or operated by each Defendant respectively as set forth below and failure of certain Defendants to pay pursuant to term promissory notes.

2628927

## THE PARTIES

2. RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky. RehabCare provides therapy services to residents of long term care and skilled nursing facilities.

3. Bentwood is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Bentwood are Judah Bienstock, Oscar Rosenberg, and Miriam Taub. Based upon information and belief, Mr. Bienstock, Mr. Rosenberg, and Ms. Taub are individuals who do not reside in and are not domiciled in Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Bentwood is not a citizen of Delaware or Kentucky. Bentwood owns and/or operates a skilled nursing facility located at 1501 Charbonier Road, St. Louis, Missouri 63031 (the "Bentwood Facility"). Bentwood has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

4. Hidden Lake is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Hidden Lake are Judah Bienstock and Benjamin Landa. Based upon information and belief, Mr. Bienstock and Mr. Landa are individuals who do not reside in and are not domiciled in Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Hidden Lake is not a citizen of Delaware or Kentucky. Hidden Lake owns and/or operates a skilled nursing facility located at 11400 Hidden Lake Drive, Raytown, Missouri 64133 (the "Hidden Lake Facility"). Hidden Lake has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

5. Des Peres is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Des Peres are 10-26 Nationwide TR, 3W Acquisitions LLC, JTM Family Holdings LLC, MLS

Acquisition LLC, and Judah Bienstock. Based upon information and belief, Mr. Bienstock is an individual who does not reside in and is not domiciled in Kentucky or Delaware. Further, based upon information and belief, the individual members of 10-26 Nationwide TR, 3W Acquisitions LLC, JTM Family Holdings LLC, MLS Acquisition LLC respectively are not citizens of Delaware or Kentucky. Thus, for purposes of federal diversity jurisdiction, Des Peres is not a citizen of Delaware or Kentucky. Des Peres owns and/or operates a skilled nursing facility located at 13230 Manchester Road, Des Peres, Missouri 63131 (the "Des Peres Facility"). Des Peres has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

6. Springfield is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Springfield are GST SNF, LLC, MLS Acquisition LLC, OR Acquisition LLC, SHER SNF, LLF, Springfield Healthcare Management LLC, YB Acquisition LLC, Yona Jaffa, Benjamin Landa, David Rubenstein, and Hillel Schreiber. Based upon information and belief, Mr. Jaffa, Mr. Landa, Mr. Rubenstein, and Mr. Schreiber are individuals who do not reside in and are not domiciled in Kentucky or Delaware. Further, based upon information and belief, the individual members of GST SNF, LLC, MLS Acquisition LLC, OR Acquisition LLC, SHER SNF, LLF, Springfield Healthcare Management LLC, YB Acquisition LLC, respectively are not citizens of Delaware or Kentucky. Thus, for purposes of federal diversity jurisdiction, Springfield is not a citizen of Delaware or Kentucky. Springfield owns and/or operates a skilled nursing facility located at 2401 West Grand, Springfield, Missouri 35802 (the "Springfield Facility"). Springfield has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

7. St. Sophia is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of St. Sophia are 10-26 Nationwide TR, 3W Acquisitions LLC, Sofia Sunset Resources, LLC,

and Judah Bienstock. Based upon information and belief, Mr. Bienstock is an individual who does not reside in and is not domiciled in Kentucky or Delaware. Further, based upon information and belief, the individual members of 10-26 Nationwide TR, 3W Acquisitions LLC, Sofia Sunset Resources, LLC respectively are not citizens of Delaware or Kentucky. Thus, for purposes of federal diversity jurisdiction, St. Sophia is not a citizen of Delaware or Kentucky. St. Sophia owns and/or operates a skilled nursing facility located at 936 Charbonier Road, Florrisant, Missouri 63031 (the "St. Sophia Facility"). St. Sophia has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

8. Sunset is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Sunset are 10-26 Nationwide TR, 3W Acquisitions LLC, Sofia Sunset Resources, LLC, and Judah Bienstock. Based upon information and belief, Mr. Bienstock is an individual who does not reside in and is not domiciled in Kentucky or Delaware. Further, based upon information and belief, the individual members of 10-26 Nationwide TR, 3W Acquisitions LLC, Sofia Sunset Resources, LLC respectively are not citizens of Delaware or Kentucky. Thus, for purposes of federal diversity jurisdiction, Sunset is not a citizen of Delaware or Kentucky. Sunset owns and/or operates a skilled nursing facility located at 400 W. Park Avenue, Union, Missouri 63084 (the "Sunset Facility"). Sunset has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

9. Oak Park is a Missouri limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Oak Park are Judah Bienstock, Baruch Jeremias, and Benjamin Landa. Upon information and belief, Mr. Bienstock, Mr. Jeremias, and Mr. Landa are individuals who do not reside in and are not domiciled in Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Oak Park is not a citizen of Delaware or Kentucky. Berthold may be served through its registered agent Emily Baxter, 477 N.

Lindbergh, Ste. 310, Springfield, Missouri 63141.  Oak Park owns and/or operates, or at one time owned and/or operated, a skilled nursing facility located at 6339 Berthold Avenue, St. Louis, Missouri 63139 (the "Oak Park Facility") (collectively, the Bentwood Facility, Hidden Lake Facility, Des Peres Facility, Springfield Facility, St. Sophia Facility, Sunset Facility, and Oak Park Facility are the "Facilities" and individually a "Facility").  Oak Park has entered an appearance in this matter through counsel who will receive notice of this First Amended Complaint via the Court's CM/ECF system.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants as Defendants are Missouri limited liability companies and transact business in this state.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

13. RehabCare has entered into separate but materially similar agreements as modified from time to time with each Defendant to provide therapy services to patients at the Defendants' respective Facilities, the most recent of which are the October 1, 2016 therapy services agreements including any amendments thereto (the "Services Agreements").[1]

14. RehabCare performed all obligations required of it under the Services Agreements as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

15. Pursuant to the Services Agreements and RehabCare's performance thereunder, Defendants are obligated to pay for the services provided by RehabCare.

---

[1] The Services Agreements contain confidential information, including pricing information, and have not been attached.  Copies can be provided to the Court upon request, and copies have been provided to Defendants subject to appropriate confidentiality protections.

16. Despite repeated demands for the sums due and owing under the Services Agreements, Defendants have failed and refused to pay for services provided by RehabCare. The outstanding balances are accruing interest pursuant to the terms of the Services Agreements.

17. RehabCare conferred with Defendants numerous times regarding the outstanding invoices for the services provided and amounts past due and made repeated demands for payment.

18. During conferences between RehabCare and Defendants, Defendants represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services.

19. Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendants failed to pay for services provided by RehabCare.

20. On or about September 30, 2015, Bentwood, Hidden Lake, Springfield, and Oak Park entered into term promissory note agreements with RehabCare (the "Notes" and collectively with the Services Agreements, the "Agreements").[2]

21. Although the Notes are separate agreements, they are materially similar, and differ only in the balances Bentwood, Hidden Lake, Springfield, and Oak Park respectively promised to pay to RehabCare and the payment schedule.

22. Defendants have failed and refused to pay all amounts due pursuant to the Agreements.

23. Defendants entered into the Agreements and any modifications with RehabCare to induce RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

24. Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and have directly or indirectly benefitted from such reimbursement.

---

[2] The Notes have been previously filed with the Court and are not reattached here.

## COUNT I – BREACH OF CONTRACT: SERVICES AGREEMENTS
## (ALL DEFENDANTS)

25. RehabCare incorporates by reference the allegations previously set forth above.

26. The Services Agreements are valid and enforceable contracts.

27. Without legal justification or excuse, Defendants materially breached the Services Agreements with RehabCare by failing to perform their obligations thereunder.

28. As a direct and proximate result of the breach of the Services Agreements, RehabCare has suffered damages.

29. Interest is accruing at 18% per annum on the unpaid balance of invoices pursuant to paragraph 4(c) of the Services Agreements.

30. Paragraph 4(c) of each of the Services Agreements provides that: "If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." RehabCare has incurred attorney fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants. RehabCare is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

## COUNT II – BREACH OF CONTRACT: NOTES
## (BENTWOOD, HIDDEN LAKE, SPRINGFIELD, AND OAK PARK)

31. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

32. The Notes are valid and enforceable agreements.

33. Without legal justification or excuse, Bentwood, Hidden Lake, Springfield, and Oak Park materially breached the Notes with RehabCare by failing to perform their obligations thereunder.

34. As a direct and proximate result of the breaches of the Notes, RehabCare has suffered damages.

35. Interest is accruing at 18% per annum on the unpaid balance of the Notes.

36. Pursuant to the Notes, Bentwood, Hidden Lake, Springfield, and Oak Park agred "to pay all of RehabCare's costs of collection, including attorneys' fees if a default under this Note occurs and [they have] exhausted all allowable default cures. . ." RehabCare has incurred attorney fees and other costs in preparing and filing this action, all of which are the responsibility of Bentwood, Hidden Lake, Springfield, and Oak Park. RehabCare is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Bentwood, Hidden Lake, Springfield, and Oak Park.

### COUNT III – PROMISSORY ESTOPPEL
### (ALL DEFENDANTS)

37. In the alternative to Counts I and II, RehabCare asserts this claim for Promissory Estoppel.

38. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

39. Defendants made promises to RehabCare for the purpose of inducing it to continue providing services to Defendants.

40. RehabCare reasonably relied upon such promises made by Defendants.

41. Defendants' promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare and RehabCare is entitled to recover damages in an amount to be proven at trial.

### COUNT IV – UNJUST ENRICHMENT
### (ALL DEFENDANTS)

42. In the alternative to Counts I-III, RehabCare asserts this claim for Unjust Enrichment.

43. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

44. RehabCare has provided valuable services to Defendants for which it has not been paid.

45. RehabCare's services were rendered under circumstances pursuant to which Defendants reasonably should have expected RehabCare would expect to be compensated.

8

Case 4:17-cv-00540-ODS   Document 48   Filed 03/13/18   Page 8 of 10

46. Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and have wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

47. Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of RehabCare.

48. Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if they have not timely paid invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

49. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, RehabCare requests judgment against Defendants as follows:

A. An award of damages in an amount to be proven at trial;

B. RehabCare's costs, expenses, and attorneys' fees associated with prosecution of this action;

C. The imposition of a constructive trust on sums received by Defendants as Medicare reimbursement for therapy and rehabilitation services provided by RehabCare and not paid for by Defendants;

D. Pre-judgment and post-judgment interest; and

E. All other relief to which RehabCare may be entitled.

9

Respectfully submitted,

FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, Ste. 2700
Louisville, Kentucky 40202
(502) 588-2000 / Fax: (502) 588-2020


By: /s/ Laura M. Brymer
   Phillip A. Martin (admitted PHV) (pmartin@fmdlegal.com)
   Laura M. Brymer (admitted PHV) (lbrymer@fmdlegal.com)

   and

HINKLE LAW FIRM LLC
6800 College Boulevard, Suite 600
Overland Park, Kansas 66211
913-345-9205/ FAX: 913-345-4832


By: /s/ Michelle R. Stewart
   Michelle R. Stewart, mstewart@hinklaw.com   #51737
   Jennifer R. Johnson, jjohnson@hinklaw.com   #59197

   ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of March, 2018, the foregoing *First Amended Complaint* was filed electronically with the Clerk of the US District Court for the Western District of Missouri; and a service copy was served electronically via email only on the following:

Mayer S. Klein
FRANKEL, RUBIN, KLEIN,
DUBIN, SIEGEL & PAYNE, PC
231 South Bemiston, Suite 1111
St. Louis (Clayton), MO 63105
314-725-8000 / Fax: 314-726-5837
Email: mklein@frankelrubin.com

   /s/ Michelle R. Stewart
   ATTORNEYS FOR PLAINTIFF